**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Richard P. Matsch**

Civil Action No. 12-cv-02260-RPM

ANTHEL JOHNSON, as natural mother
of RASHAUD RUSSELL, a minor

      Plaintiff,

v.

GEICO INDEMNITY COMPANY,

      Defendant.

_____

**MEMORANDUM OPINION AND ORDER**
_____

      This insurance dispute involves Defendant Geico Indemnity Company's ("GEICO") "insured auto" exclusion for Uninsured/Underinsured Motorist ("UIM") coverage. Under that exclusion, the terms "uninsured motor vehicle" and/or "underinsured motor vehicle" are defined to specifically exclude a vehicle insured under the liability coverage of the same insurance policy. In effect, a GEICO policyholder with the exclusion in his policy cannot recover UIM benefits for injuries resulting solely from the operation of a vehicle covered by the same policy (e.g., a single-car accident). The parties do not dispute any material facts, and as such, the matter is ripe for summary judgment. *See* Fed. R. Civ. P. 56(a).

      On August 4, 2009, Rashaud Russell, a minor, was injured when a vehicle being operated by Dannie Loyd rolled over. Four other minors were in the car. At the time, Loyd's vehicle was insured by a Policy issued by GEICO, under which Rashaud was covered as a guest passenger. The Policy provided Bodily Injury Liability ("BI") coverage limits of $25,000 per person/$50,000 per occurrence, and capped UIM coverage at $25,000 per person/$50,000 per occurrence. As a result

of the accident, GEICO paid out $50,000 in BI benefits in equal portions of $10,000 to the five minors in the car; Rashaud received $10,000 in BI benefits.

The minors also filed UIM claims. GEICO initially denied Rashaud UIM benefits on May 18, 2010, but then, as a compromise, agreed in September 2011 to pay the per occurrence coverage limit of $50,000 in equal portions to the five minors; Rashaud received $10,000 in UIM benefits. Releases were executed on behalf of the minors in consideration of the UIM benefits given them, and a court approved the settlements.

Rashaud's mother, Anthel Johnson, filed this action on his behalf, claiming that GEICO breached its duty of good faith and fair dealing, and unreasonably delayed providing Rashaud UIM benefits.

GEICO maintains that it cannot be liable for bad faith or unreasonable delay in denying and then ultimately paying Rashaud UIM benefits because his claim was excluded under the "insured auto" exclusion in the Policy. The only issue is whether that exclusion is valid and enforceable under Colorado law.

In *Terranova v. State Farm Mut. Ins. Co.*, 800 P.2d 58 (Colo. 1990), the Colorado Supreme Court was presented with circumstances nearly identical to those presented here: a passenger in a single-vehicle accident claimed UIM benefits, was denied because of the insurance company's "insured vehicle" exclusion in her policy, and then claimed the exclusion violated Colorado's statute mandating uninsured motor vehicle coverage, C.R.S. § 10-4-609, as well as its underlying public policy. In the Court's view, the UIM statute was intended to compensate an innocent insured for losses caused by financially irresponsible motorists, subject to the insured's policy limits, which "does not require full indemnification of losses suffered at the hands of uninsured motorists under

all circumstances." *Terranova*, 800 P.2d at 61. Therefore, the Court concluded that the "insured vehicle" exclusion did not violate C.R.S. § 10-4-609 or its policies and purposes. *See id.* at 62.

The Colorado General Assembly amended C.R.S. § 10-4-609, effective January 1, 2008, and two separate panels of the Colorado Court of Appeals have recently had the occasion to determine the impact the amendments had on *Terranova* and the validity of "insured auto" exclusions. *See Rivera v. Am. Family Ins. Group*, 292 P.3d 1181 (Colo. App. 2012); *Jacox v. Am. Family Mutual Ins. Co.*, No. 11CA1700, 2012 WL 4829547 (Colo. App. Oct. 11, 2012). First, the panels concluded that the General Assembly actually ratified *Terranova* because, even though the Assembly added, deleted and modified other parts of the statute, the statutory language that *Terranova* construed was left untouched. *See Rivera*, 292 P.3d at 1184; *Jacox*, 2012 WL 4829547, at *6. Second, the amendments' prohibition on setoffs from UIM coverage was deemed irrelevant, since insured auto exclusions are, true to their name, exclusions, not setoffs. *Jacox*, 2012 WL 4829547, at *5 (quoting *Rivera*, 292 P.3d at 1184). Finally, while the General Assembly forbade insurers from prohibiting "stacking" of UIM coverage limits, the panels understood the amendment to apply only where an innocent insured seeks to stack coverage from two separate insurance policies on the same claim; in that circumstance, where the insured recovers on one policy but does not fully cover his losses, it would be unjust for him to not be able to recover on the other policy, for which he paid. *See Rivera*, 292 P.3d at 1184; *Jacox*, 2012 WL 4829547, at *5. The panels did not, however, view the amendment as requiring insurers to provide stacked UIM coverage on top of liability coverage on the same policy; rather, the insured and insurer may bargain and contract for what a single policy does or does not cover. *See Rivera*, 292 P.3d at 1184; *Jacox*, 2012 WL 4829547, at *5.

Both *Rivera* and *Jacox* thoughtfully considered plaintiffs' arguments and ultimately concluded that both *Terranova* and "insured auto" exclusions remain valid under Colorado law. The

panels' well-reasoned construction of C.R.S. § 10-4-609 and its amendments is highly persuasive to the Court. And, as in *Terranova*, both cases involved underlying facts and an "insured auto" exclusion provision that are substantially similar to what is currently before the Court. Plaintiff makes no effort to address *Rivera* and *Jacox*, nor does she meaningfully distinguish those cases from this one; nor could she, since her Response is a near-verbatim reproduction of the unsuccessful appellate brief submitted in the *Jacox* case.

Therefore, the Court concludes that GEICO's "insured auto" exclusion, like the exclusions at issue in *Terranova*, *Rivera*, and *Jacox*, is valid and enforceable under Colorado law. GEICO's "insured auto" exclusion, according to its clear and unambiguous terms, prohibited Rashaud from recovering UIM benefits under the Policy. It follows that GEICO's initial refusal to provide Rashaud UIM benefits did not constitute a bad faith breach of the Policy. Likewise, GEICO's alleged delay in providing UIM benefits was not unreasonable, since none were actually owed. Accordingly, it is,

ORDERED that Defendant's Motion for Summary Judgment is granted.

Dated:  May 16, 2013.

BY THE COURT:

s/Richard P. Matsch
_____
Richard P. Matsch
Senior District Judge